**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY D'ACQUISTO, et al.,**
    **Plaintiffs,**

    **v.**                                             **Case No. 05-C-0810**

**ALEXANDRA TRIFFO, et al.,**
    **Defendants.**

---

## DECISION AND ORDER

On October 3, 2005, plaintiffs filed a request to serve defendant Alexandra Triffo, a resident of Canada, by alternative means. On October 19, 2005, I directed plaintiffs to first attempt service on defendant Triffo pursuant to Fed. R. Civ. P. 4(f)(1) through means provided by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163 (hereinafter Hague Convention), of which Canada is a member. I allowed plaintiffs to renew their motion if such methods proved ineffective.

Plaintiffs now indicate that they have complied with such provisions, but have remained unsuccessful in locating Triffo or effectuating proper service. Asserting that defendant Triffo previously responded to communications left with her sister, plaintiffs request that I allow the summons and complaint to be hand delivered and sent by mail to defendant Triffo's sister, Sheila J. Triffo.

### I. FACTS AND BACKGROUND

Plaintiffs, proceeding pro se, commenced this diversity action on July 28, 2005, alleging various claims including fraud, breach of fiduciary duty, and conversion stemming

from three separate sales of Global Explorations Co. Stock ("GEC") to plaintiffs in 1999. Plaintiffs were successful in serving defendant S. Russell Chamberlain on September 16, 2005, however to date they have been unsuccessful in serving defendant Triffo. At the time plaintiffs filed their complaint, they believed Triffo to be a resident of Vancouver, British Columbia. Plaintiffs have attempted to serve defendant Triffo without success and assert that she is concealing her whereabouts. Prior to the commencement of the present lawsuit, plaintiffs had difficulty contacting defendant Triffo and were only successful in communicating with her through email and by letter left with her sister. After commencing the present suit, plaintiffs hired a Canadian process server, who was unsuccessful in her attempts to locate or serve Triffo. Following my October 19, 2005 order, plaintiffs contacted the Ministry of the Attorney General for the Province of British Columbia pursuant to the Hague Convention and forwarded the appropriate documents for service by a deputy sheriff. Although the deputy sheriff located Sheile Triffo, defendant Triffo's mother, she indicated that her daughter had relocated to Alberta, Canada and had not left a forwarding address. Plaintiffs have submitted an affidavit from a process server indicating that further attempts to locate defendant Triffo in Alberta, Canada were also unsuccessful.

## II. DISCUSSION

The Supreme Court set forth parameters for proper service of process in <u>Mullane v. Central Hanover Bank & Trust</u>, 339 U.S. 306 (1950). Under <u>Mullane</u>, service is proper if it comports with the requirements of due process. For service properly to comport with due process, it must give "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

2

Case 2:05-cv-00810-LA    Filed 01/06/06    Page 2 of 5    Document 24

present their objections." Id. at 314. Although personal service is the most assured way to comply with the requirements of due process, the Court recognized that such service was not available in every case. Rather, "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id.

International service of process is governed by Fed. R. Civ. P. 4(f). Rule 4(f)(3) authorizes me to approve alternative methods of service, providing:

> (f) Unless otherwise provide by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the united states:
> . . .
> (3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f)(3).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" Brockmeyer v. May, 383 F.3d 798, 804 (9th Cir. 2004) (citations omitted). Courts have used Rule 4(f)(3) to authorize service through a variety of means, e.g., Rio Properties, Inc. v. Intern. Interlink, 284 F.3d 1007, 1018-19 (9th Cir. 2002) (allowing service through email); New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transimisison Co., 495 F. Supp 73, 80 (S.D.N.Y. 1980) (allowing service by telex, a precursor to the fax); Levin v. Ruby Trading Corp., 248 F. Supp. 537, 540 (S.D.N.Y. 1965) (allowing service by regular mail); In re Int'l Telemedia Assoc., 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via facsimile, ordinary mail, and email); see also Yvonne A. Tamayo, Catch Me if You Can: Serving United States Process On an Elusive Defendant Abroad, 17 Harv. J.L. & Tech. 211 (2003) (citing cases).

3

The only additional requirement mandated by the Rule is that the foreign country where service is to be executed (here Canada) not prohibit the requested method in an international agreement.

Both potential locations of defendant Triffo, the provinces of Alberta and British Columbia, Canada, provide for alternative service by leave of court. Alberta Supreme Court R. 23(1) provides:

> Where a personal service of a document is prescribed by these Rules and it appears to the Court that it is impractical for any reason to effect prompt personal service of the document the Court (a) may make an order for substituted service of it, or (b) may make an order dispensing with service.

British Columbia Supreme Court R.12(1) provides:

> where for any reason it is impracticable to serve a document as set out in Rule 11, the court may order substituted service, whether or not there is evidence that the document will probably reach the person to be served or will probably come to the person's attention or that the person is evading service.

In the present case, it appears that defendant Triffo is attempting to evade service. Further, plaintiffs have submitted affidavits evincing their considerable efforts to serve defendant Triffo, both by traditional means and those provided by Canada under the Hague Convention. Under Mullane, alternative service complies with the constitutional demands if it is reasonably calculated to give defendant Triffo notice and an opportunity to defend herself against plaintiffs' allegations. Mullane, 339 U.S. at 314. Defendant Triffo has previously responded to communications left with her sister, Sheila J. Triffo, as well as by email. As such, I conclude that serving defendant Triffo by hand delivering and mailing the summons and complaint to defendant Triffo's sister, Sheila J. Triffo, as well as forwarding

4

a copy of the summons and complaint to defendant Triffo at her email address will meet those requirements.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiffs motion to serve defendant Alexandra Triffo by alternative means (R. 20) is **GRANTED**.  Plaintiffs shall serve defendant Triffo by the means provided in this order.

Dated at Milwaukee, Wisconsin this 5 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge