# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY D'ACQUISTO, LARRY KAU,**
**and WILLIAM MILLER,**
**Plaintiffs,**

**v.**                                      **Case No. 05C0810**

**ALEXANDRA TRIFFO, and**
**S. RUSSELL CHAMBERLAIN,**
**Defendants.**

---

## DECISION AND ORDER

Pro se plaintiffs Anthony D'Acquisto, Larry Kau and William Miller bring this diversity action against defendant Alexandra Triffo and S. Russell Chamberlain ("Chamberlain") alleging that they took money from plaintiffs in return for shares of stock but failed to deliver the shares of stock.  Before me now is Chamberlain's motion to dismiss for lack of personal jurisdiction or, alternatively, pursuant to the doctrine of foreign non conveniens.

Fed. R. Civ. P. 12(b)(2) governs defendant's motion to dismiss for lack of personal jurisdiction.  When a defendant brings a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction.  Dorf v. Ron March Co., 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000).  The burden, however, is not a heavy one.  Johnson Worldwide Assoc., Inc. v. Brunton Co., 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998).  Plaintiff need only make a prima facie showing of the existence of personal jurisdiction.  Id.  In determining whether personal jurisdiction exists, I may rely on the complaint, affidavits, deposition testimony, exhibits or other evidence in the record, Schimpf v. Gerald, Inc., 2 F. Supp. 2d 1150, 1160

(E.D. Wis. 1998), and I draw all inferences from the record in plaintiff's favor, <u>PKWare, Inc.</u> <u>v. Meade</u>, 79 F. Supp. 2d 1007, 1011 (E.D. Wis. 2000).

In diversity cases, a federal court has personal jurisdiction over the parties only if a court in the state in which the federal court sits would have jurisdiction. <u>See</u> Fed. R. Civ. P. 4(e); <u>see also</u> <u>Dorf</u>, 99 F. Supp. 2d at 996. To determine whether I have personal jurisdiction, I first must decide whether defendant is subject to personal jurisdiction under Wisconsin's long-arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirement of the Fourteenth Amendment. <u>Id.</u>

Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a Wisconsin court may exercise two types of jurisdiction over a non-resident defendant, specific jurisdiction and general jurisdiction. Specific jurisdiction exists when the litigation arises out of or is related to the defendant's contacts with Wisconsin. <u>Wayne Pigment Corp. v. Halox</u>, 220 F. Supp. 2d 931, 934 (E.D. Wis. 2002). General jurisdiction requires that a defendant have more substantial contacts with Wisconsin but authorizes a court to entertain any action against the defendant regardless of its subject matter. <u>Id.</u> at 933.

In the present case, plaintiff argues that I have specific jurisdiction over Chamberlain based on Wis. Stat. § 801.05(4)(a), which confers jurisdiction over a defendant

> in any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury . . . (a) solicitation or service activities were carried on within this state by or on behalf of the defendant.

In order to obtain personal jurisdiction under § 801.05(4), plaintiff must establish three jurisdictional facts: (1) an act committed outside the state by defendant; (2) an injury to person or property within the state which is claimed to arise out of the foreign act; and (3)

2

some additional contact such as solicitation activities carried out by the defendant which link the defendant to the state.  Fields v. Peyer, 75 Wis. 2d 644, 651 (1977).

Plaintiffs allege that they were injured because defendants failed to provide them with shares of stock that they had paid for.  Thus, they establish a local injury.  However, even assuming that plaintiffs adequately allege that Chamberlain committed an act outside the state which caused the injury, they do not establish that Chamberlain had any additional contact with Wisconsin such as solicitation activities that link him to the state.  They do not allege that Chamberlain solicited in Wisconsin or that Triffo did so on his behalf.  Further, Chamberlain presents an uncontested affidavit stating that he has never been in Wisconsin nor solicited business of any kind there.  Thus, plaintiffs do not satisfy the requirements of § 801.05(4)(a).

Therefore, Chamberlain's motion to dismiss based on the absence of personal jurisdiction will be granted.

Accordingly,

**IT IS ORDERED** that defendant Chamberlain's motion to dismiss is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3 day of March, 2006.


/s_____
LYNN ADELMAN
District Judge

3